UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA A. BADER,

       Plaintiff,                        CIVIL ACTION NO. 06-12694

       v.                                DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,              MAGISTRATE JUDGE VIRGINIA M. MORGAN
Commissioner of Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

       This Social Security case comes before the court on the Commissioner's motion to dismiss. For the reasons stated below, the court recommends that the Commissioner's motion be granted because there is no "final decision" of the Commissioner which is subject to judicial review.

**II. Background**

       On January 25, 1993, plaintiff filed an application for Social Security Disability benefits.[1] The Social Security Administration (SSA) determined that she was disabled as of January 1,

---

[1] The facts discussed herein are drawn from the Declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and the exhibits attached thereto.

-1-

1993, due to a visual impairment, but that she was not statutorily blind. Plaintiff filed a request for reconsideration on June 1, 1993, to challenge the determination that she was not statutorily blind. The SSA affirmed the initial decision on July 6, 1993. The "Notice of Reconsideration" stated that plaintiff had 60 days from the date on which she received the notice to request a hearing.

On September 18, 2001, plaintiff filed a request for a hearing. An Administrative Law Judge (ALJ) issued an order on March 19, 2003, dismissing plaintiff's untimely request. On May 16, 2003, plaintiff filed a request to have the SSA's Appeals Council review the ALJ's decision. The Council denied plaintiff's request on April 26, 2006. Plaintiff filed the instant action on June 19, 2006.

### III.  Discussion

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), which provides the sole jurisdictional basis for judicial review of a decision of the Commissioner. Section 405(g) states, in part, the following:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The case of Hilmes v. Secretary of Health and Human Services, 983 F.2d 67 (6th Cir. 1993), is directly on point and is dispositive of this matter. In Himes, the Social Security Administration awarded disability benefits to the claimant. The notice of award informed the

claimant that if he wished to challenge the determination, he was required to file a request for a hearing within 60 days of his receipt of the notice.  The claimant subsequently filed such a request, indicating that he wanted to challenge the Administration's determination regarding his disability onset date.  The ALJ, without holding a hearing, issued an order dismissing the request for a hearing, concluding that the claimant failed to file the request in a timely manner and that he failed to demonstrate good cause for the untimely filing.  The Appeals Council denied the claimant's request for review of the ALJ's order.  The claimant then filed suit pursuant to § 405(g) for judicial review of the order dismissing his request for a hearing.  The district court dismissed the action.  On appeal, the Sixth Circuit concluded that the decision denying the claimant's request for a hearing did not fall within the purview of § 405(g) because the decision was made without a hearing.  Further, the Sixth Circuit determined that the claimant failed to present a valid constitutional challenge to the Secretary's decision.  Accordingly, the Sixth Circuit held that the Secretary's decision was not reviewable.

The matter before the court is virtually indistinguishable from Hilmes.  Here, as in Hilmes, the ALJ, without holding a hearing, issued an order denying plaintiff's request for a hearing on the ground that it was untimely, and the Appeals Council, also without holding a hearing, denied plaintiff's request for review.  Accordingly, there is no "final decision of the Commissioner *made after a hearing*," and no subject matter jurisdiction under § 405(g).  Himes, 983 F.2d at 67-70; see also Leach v. Commissioner of Social Security, 1998 WL 228033 (6th Cir.(Tenn.)); Young v. Commissioner of Social Security, 1996 WL 343527 (6th Cir.(Mich.)). As

indicated in Hilmes, a decision that is not reviewable under § 405(g) may be challenged on constitutional grounds.  However, plaintiff has not asserted any constitutional challenge in this matter.  Accordingly, the constitutional exception to the jurisdictional bar of § 405(g) is inapplicable.

**IV.  Conclusion**

For the reasons stated above, the court recommends that the Commissioner's Motion to Dismiss be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                  S/VIRGINIA M. MORGAN
                                  VIRGINIA M. MORGAN
Dated: November 15, 2006        UNITED STATES MAGISTRATE JUDGE

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record James R. Rinck @ 1108 McKay Tower, Grand Rapids, MI 49503 and US Atty's Office via the Court's ECF System and/or U. S. Mail on November 15, 2006.

                                  s/Kendra Byrd
                                  Case Manager to
                                  Magistrate Judge Virginia M. Morgan